[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13256
Non-Argument Calendar

_____

D. C. Docket No. 03-00277-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARUNAS MILKINTAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 30, 2006)

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Arunas Milkintas[1] appeals his convictions for possession with intent to distribute cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. § 1903(a), and conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. § 1903(a), (j). Milkintas asserts there was insufficient evidence of his knowing and willful possession of cocaine with the intent to distribute and insufficient evidence of his knowing participation in a drug conspiracy to sustain the convictions. Milkintas also appeals his 235-month concurrent sentences imposed as a result of his convictions. Specifically, he contends the district court erred by denying him safety-valve consideration under 18 U.S.C. § 3553(f), U.S.S.G. §§ 5C1.2 and 2D1.1(b)(7).[2] We conclude there was sufficient evidence for a jury to convict Milkintas of both drug offenses, and the district court did not err in denying him safety-valve relief. Accordingly, we affirm his convictions and sentences.

---

[1] Defendant-Appellant's name is Arunas Milkintas. It was transposed in the Indictment as "Milkintas Arunas." The Judgment, however, used the correct name "Arunas Milkintas," and this opinion will refer to the Defendant-Appellant as Arunas Milkintas.

[2] Both parties discuss the two-level, safety-valve reduction as being provided in U.S.S.G. § 2D1.1(b)(6). The amendments to the Guidelines effective for the 2004 Manual added a new provision at § 2D1.1(b)(5), shifting the safety-valve provision of that section from (b)(6) to (b)(7). *See* U.S.S.G. Supp. to App. C, Amend. 667. Due to the addition of enhancements relating to the distribution of anabolic steroids, which became effective November 1, 2005, the safety-valve reduction is currently located at § 2D1.1(b)(9). *See* U.S.S.G. Supp. to App. C, Amend. 681. As Milkintas was sentenced under the 2004 version of the Guidelines, this opinion will refer to the provision as (b)(7).

2

# I. BACKGROUND

Milkintas, along with 16 others, was indicted for possession with intent to distribute, and conspiracy to possess with intent to distribute, five or more kilograms of cocaine while onboard the M/V Yalta, a vessel subject to the jurisdiction of the United States, 46 U.S.C. app. § 1903(a), (g), (j). One of the defendants, Efren Daniel Marquez-Silva, entered into a plea agreement to testify against Milkintas and the other defendants. The case went to trial, and the jury was unable to reach a verdict as to Milkintas, but acquitted the other 15 defendants. The Government proceeded with a second trial against Milkintas.

At the second trial, the Government presented the testimony of Coast Guard and FBI agents, as well as Marquez-Silva, who was onboard the *Yalta* at the time it was boarded by the Coast Guard, and Lazaro Fregel, a federal prisoner to whom Milkintas spoke while in the same holding cell. Milkintas moved for a judgment of acquittal at the close of the Government's case, which was denied. Milkintas then presented evidence, and the Government presented rebuttal testimony. Milkintas did not renew his motion for a judgment of acquittal at the close of the evidence. The jury found Milkintas guilty on both charges.

In the Presentence Investigation Report (PSI), the probation officer recommended a base and total offense level of 38, U.S.S.G. § 2D1.1(a)(3), (c)(1),

with a criminal history category of I, resulting in a Guidelines range of 235 to 293 months' imprisonment. The probation officer noted Milkintas's statutory mandatory minimum was ten years pursuant to 21 U.S.C. § 960(b)(1)(B). Milkintas objected to the probation officer not recommending he receive safety-valve consideration. Milkintas's objection stated he "has or is willing to truthfully provide information to the government." The probation officer responded he was not aware whether Milkintas had satisfied the prerequisites for safety-valve relief under U.S.S.G. § 5C1.2(a)(5), and that the Government had not informed him of whether Milkintas had satisfied those prerequisites. Milkintas also filed a sentencing memorandum, arguing he had met the criteria for safety-valve relief. Milkintas never proffered information regarding the drug conspiracy in either the written objections to the PSI or the sentencing memorandum.

At the sentencing hearing, Milkintas continued to contend he was eligible for safety-valve relief. Milkintas asserted he had contacted the Government to let them know he wanted to speak with them, and asserted the Government should have made an effort to set up an interview with him. The Government responded that Milkintas had only informed them that he was available to be interviewed the day before the sentencing hearing, and that the Government had no obligation to seek Milkintas out for an interview. The district court found "the safety valve

4

provisions are not applicable to the defendant in this situation," and sentenced Milkintas to 235 months' imprisonment.

## II. STANDARD OF REVIEW

Milkintas did not move the district court for a judgment of acquittal at the close of all the evidence, thus we will reverse his convictions only to prevent a manifest miscarriage of justice. *United States v. Hamblin*, 911 F.2d 551, 556–57 (11th Cir. 1990). This standard requires "a finding that 'the evidence on a key element of the offense is so tenuous that a conviction would be shocking.'" *United States v. Tapia*, 761 F.2d 1488, 1492 (11th Cir. 1985) (quoting *United States v. Landers*, 484 F.2d 93, 94 (5th Cir. 1973)). In making this determination, we must view the evidence in the light most favorable to the government and accept all reasonable inferences and credibility determinations that support the jury's verdict. *Hamblin*, 911 F.2d at 557.

"When reviewing a district court's safety-valve decision, we review for clear error a district court's factual determinations, . . . [and] *de novo* the court's legal interpretation of the statutes and sentencing guidelines." *United States v. Poyato*, 454 F.3d 1295, 1297 (11th Cir. 2006) (quotations and citation omitted).

## III. DISCUSSION

A. *Sufficiency of Evidence*

Milkintas challenges the sufficiency of the evidence of his guilt of knowing participation in a drug conspiracy and his guilt of knowing and willful possession of a controlled substance. He asserts the only testimony resulting in his conviction was that of a single cooperating Government witness, Marquez-Silva. Milkintas contends the evidence at trial established only that he, a Spanish and Russian/Lithuanian speaker, provided the legitimate services of recruiting a Lithuanian crew for the *Yalta*, and translating the crew's instructions, salary and payment information from the representative of the ship's owners to the crew. After the ship went to sea, the evidence showed only that Milkintas translated instructions from Marquez-Silva to the Lithuanian crew to assist in unloading the drugs off the *Yalta*. He contends there was little or no evidence presented that when he set out for sea on the *Yalta*, he had any knowledge that the voyage would include a drug off load at sea.

Even if Marquez-Silva had been the only witness, we have held the uncorroborated testimony of an accomplice is sufficient to support a conviction if it is not on its face incredible or otherwise insubstantial. *United States v. LeQuire*, 943 F.2d 1554, 1562 (11th Cir. 1991). Marquez-Silva's testimony is not incredible

on its face and is not otherwise insubstantial. *See id.* Specifically, Marquez-Silva testified that he and Milkintas discussed the details of the drug transfer before boarding the *Yalta*, and that after the *Yalta* was underway, Milkintas (1) had the crew begin construction of compartments to hide the cocaine; (2) managed the crew in bringing the cocaine on board; and (3) ordered the crew to take steps to mask the presence of cocaine residue. Even though the Government's proof of Milkintas's knowledge of, and participation in, the conspiracy depends heavily on the testimony of a co-defendant with a prior criminal history testifying as part of a plea arrangement, the jury was free to find Marquez-Silva credible and we will not intrude on that decision. *See United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (stating it is the exclusive province of the jury to determine whether a witness is credible).

Marquez-Silva was not the only witness who testified that Milkintas knew of the conspiracy. Milkintas's cellmate, Fregel, testified that Milkintas had told him that: (1) Milkintas knew about the drugs and knew they were going to Europe; (2) this was not the first attempt to smuggle drugs on the *Yalta*, as a previous attempt had been made and aborted because the smugglers on the *Yalta* were unable to successfully load the drugs; and (3) Milkintas was in charge of the drug job and gave the crew instructions.

7

The testimony of Marquez-Silva and Fregel supports a finding that Milkintas had knowledge of the drug conspiracy. We conclude there was sufficient evidence for the jury to find Milkintas guilty of possession with intent to distribute, and conspiracy to possess with intent to distribute, cocaine while aboard a vessel subject to United States jurisdiction.

B. *Safety-Valve Relief*

Milkintas asserts he was deprived of the opportunity to seek safety-valve relief, and he demonstrated a good faith attempt to cooperate with the Government. Milkintas admits he did not satisfy the requirement that he make a full and truthful proffer, but asserts he was willing to, and the Government made it impossible or impractical for him to proffer all information and evidence concerning the offenses.

"Safety-valve relief allows for sentencing without regard to any statutory minimum, with respect to certain offenses, when specific requirements are met." *United States v. Brehm*, 442 F.3d 1291, 1299 (11th Cir. 2006) (citing 18 U.S.C. § 3553(f)); *see also* U.S.S.G. § 5C1.2. Section 2D1.1(b)(7) of the Sentencing Guidelines provides for a two-level reduction in offense level for a defendant who meets the safety-valve criteria. The five criteria are:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

8

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). The fifth criterion is the only one at issue in this case.

This Circuit has held the defendant bears the burden of proving eligibility for safety-valve relief. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). Thus, "[t]he burden is on the defendant to come forward and to supply truthfully to the government all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." *Id.*

9

This Circuit has not addressed the issue of whether the government, having been provided notice that a defendant is willing to provide information about a crime, is under any obligation to solicit that information from a defendant.[3] Although this is an issue of first impression in this Circuit, all Circuits that have addressed this issue have held the government is under no obligation to solicit information from defendants who seek to satisfy the 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5) requirement to provide information. *See United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001) (holding the defendant failed to satisfy his burden to establish eligibility for safety-valve relief by failing to discuss in detail the extent of his marijuana smuggling and growing operation, reasoning that "[t]he government has no obligation to solicit information that could help a defendant meet the requirements for the safety valve"); *United States v. Ortiz*, 136 F.3d 882, 884 (2d Cir. 1997) (holding a defendant's expression of willingness to

---

[3] In *United States v. Garcia*, 405 F.3d 1260, 1275 (11th Cir. 2005), we held a defendant who sought sentencing under the safety-valve provision was entitled to have his case remanded because the district court failed to grant his motion for a continuance of sentencing for an additional debriefing. Unlike *Garcia*, Milkintas did not request a continuance of sentencing in order to provide his proffer, and Milkintas does not allege he mistakenly believed he had satisfied the safety-valve criteria.

In an unpublished opinion, *United States v. Stallings*, Nos. 03-11905, 03-12620, 04-10882, 2006 WL 2585570 at *7 (11th Cir. Sept. 7, 2006), we held a defendant who argued the government was required to afford him an opportunity to meet prior to sentencing so he could satisfy the safety-valve requirement was not entitled to safety-valve relief. In *Stallings*, there is no mention that the defendant provided the government notice that he was willing to meet.

10

provide the required information was not enough to satisfy the requirement to truthfully provide information to government); *United States v. Flanagan*, 80 F.3d 143, 146–47 (5th Cir. 1996) (holding the defendant has the burden of ensuring he has provided the requisite information to the government no later than the time of sentencing regardless of whether the government requests such information); *United States v. Ivester*, 75 F.3d 182, 185 (4th Cir. 1996) (holding defendants seeking to avail themselves of safety-valve relief "bear the burden of affirmatively acting, no later than sentencing, to ensure the government is truthfully provided with all information and evidence the defendants have concerning the relevant crimes"). In *Ivester*, the Fourth Circuit noted the safety-valve provision requiring a defendant to "provide" information would be meaningless if a defendant could qualify for safety-valve relief merely by expressing a willingness to provide information, and that in short, "defendants cannot claim the benefit of [safety-valve relief] by the mere fact that the Government never sought them out for debriefing." 75 F.3d at 185–86. We agree. While the need for a translator may have made it less convenient for Milkintas and his attorney to meet and prepare a proffer prior to the sentencing hearing, it does not relieve Milkintas of his burden to provide information.[4]

---

[4] We note there is a circuit split regarding whether, once a defendant submits a written proffer and offers to provide additional information if needed, the government then has a duty to

Contrary to Milkintas's argument, acting in good faith is a necessary condition for satisfying the safety-valve criteria, not a sufficient one. Even if Milkintas acted in good faith, he was still required to come forward and truthfully supply all information that he possessed about his involvement in the offense. *See Cruz*, 106 F.3d at 1557. He admits that he did not do so. Milkintas had the burden of coming forward with all information in his possession that was relevant to the criminal enterprise with which he was involved, and he did not fulfill his burden. Accordingly, we affirm the district court's denial of safety-valve relief.[5]

## IV. CONCLUSION

There was sufficient evidence for a jury to convict Milkintas of possession with intent to distribute cocaine while aboard a vessel subject to United States jurisdiction and conspiracy to possess with intent to distribute cocaine while

---

interview the defendant. *Compare United States v. Stephenson*, 452 F.3d 1173, 1182 (10th Cir. 2006) ("[T]he onus is on the defendant to come forward with all information he has concerning his relevant conduct."); *with United States v. Brack*, 188 F.3d 748, 763 (7th Cir. 1999) (holding a defendant's truthful written statement combined with the defendant's offer to submit to a safety valve interview satisfied the safety valve disclosure requirement, but noting "a defendant cannot satisfy the disclosure requirement simply by notifying the court of his willingness to submit to a safety valve interview"). This conflict does not affect this case, however, because Milkintas did not submit a written proffer to the Government.

[5] In *United States v. Espinosa*, this Court held the district court, not the government, has the responsibility to determine the truthfulness of the information provided to the government, and that it is error for the district court to rely on the government's determination of the information's truthfulness. 172 F.3d 795, 797 (11th Cir. 1999). Here, Milkintas never actually provided information, thus, his argument regarding the district court's duty to determine the information's truthfulness is not at issue.

aboard a vessel subject to United States jurisdiction.  Additionally, the district court did not err in denying Milkintas safety-valve relief.  Thus, we affirm Milkintas's convictions and sentences.

**AFFIRMED.**