[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2008
THOMAS K. KAHN
CLERK

No. 07-11059
Non-Argument Calendar

_____

D. C. Docket No. 06-20449-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY EDWARD KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 28, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

The sole issue appellant raises in this appeal is whether the evidence was sufficient to convict on Count 3 of a three-count indictment, which charged him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).[1] At trial, appellant moved the court for judgment of acquittal at the close of the Government's case in chief. Addressing Count 3, appellant contended that the evidence was insufficient because no reasonable factfinder could find him guilty due to the police officers' contradictory testimony regarding the firearm and its location. The court overruled his motion, and he proceeded to put on a defense, calling one witness. After appellant rested and the Government did likewise, he did not renew his motion for judgment of acquittal. He therefore failed to preserve his objection that the evidence was insufficient to convict on Count 3. Hence, our review is limited to the question of whether appellant's conviction worked a manifest miscarriage of justice. See United States v. Schier, 438 F.3d 1104, 1107 (11th Cir. 2006). To overturn the Count 3 conviction, we would be required to find "that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." United States v. Milkintas, 470 F.3d 1339, 1343 (11th Cir. 2006) (internal quotation marks and

---

[1] Count1 charged appellant with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and Count 2 with possession of a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c). The jury found him not guilty on both counts.

citations omitted). "In making this determination, we must view the evidence in the light most favorable to the government and accept all reasonable inferences and credibility determinations that support the jury's verdict." Id.

To establish the Count 3 offense, the Government was required to prove beyond a reasonable doubt three elements: (1) that appellant had been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that he knowingly possessed a firearm; and (3) that the firearm was in or affected interstate commerce. United States v. Funches, 135 F.3d 1405, 1406-07 (11th Cir. 1998).

Assessing witness credibility is a matter committed solely to the factfinder, here the jury. See United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997), modified on other grounds by United States v. Toler, 144 1423, 1427 (11th Cir. 1998). Where, as here, the argument is that the jury based its conviction on inconsistent and contradictory testimony of government witnesses, the appellant, to be entitled to any relief, must show that the testimony was "incredible as a matter of law." Calderon, 127 F.3d at 1325. "For testimony of a government witness to be incredible as a matter of law, it must be 'unbelievable on its face.'" United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985) (citation omitted). Put another way, the testimony must relate to "facts that [the witness] could not have

3

possibly observed or events that could not have occurred under the laws of nature." Id. (internal quotation marks and citations omitted).

The prosecution established beyond a reasonable doubt the first and third elements of the Count 3 offense through the parties' stipulation: (1) appellant had been convicted previously of a crime punishable by imprisonment for a term exceeding one year, and (3) the Smith & Wesson the officers seized, as well as the ammunition for the gun, traveled in and affected interstate commerce. The prosecution satisfied the second element of the offense through the testimony of Officer Hadley and Detective Hammond who said that appellant was in actual possession of the Smith & Wesson as he exited the back door of the residence in an attempt to flee and dropped the gun. Even though these officers appeared to contradict each other on certain collateral matters, appellant has not shown that their unequivocal and entirely consistent testimony on the dispositive point – that they observed him holding a firearm in his left hand as he exited the back door of the house – was "incredible as a matter of law" or "unbelievable on its face." In short, he has not demonstrated that his conviction amounted to a manifest miscarriage of justice.

AFFIRMED.