[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10555
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 12, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00287-CR-1-CLS-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE LEVAN JEMISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 12, 2008)

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Bruce Levan Jemison appeals his conviction and 180-month sentence for

possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On appeal, he argues that the district court: (1) abused its discretion by admitting at

trial the irrelevant and prejudicial transcript of his guilty plea to a state charge for carrying a pistol without a permit; (2) erred in denying his motion for judgment of acquittal when the evidence was insufficient to justify the jury's verdict; and (3) erred in considering two prior convictions as separate and distinct offenses for the purposes of the Armed Career Criminal Act ("ACCA"). After thorough review, we affirm.

We review an objection to the admission of evidence at trial for abuse of discretion. United States v. Beasley, 72 F.3d 1518, 1524 (11th Cir. 1996). However, even if we find an abuse of discretion, we will not reverse "absent a reasonable likelihood that the defendant's substantial rights were affected." Id. at 1524-25 (quotation omitted). While we ordinarily review the sufficiency of the evidence supporting a conviction de novo, United States v. Walker, 490 F.3d 1282, 1296 (11th Cir. 2007), cert. denied, 128 S.Ct. 1649 (2008), Jemison failed to renew his motion for judgment of acquittal. We therefore review the sufficiency of the evidence for "a manifest miscarriage of justice," which "requires a finding that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." United States v. Milkintas, 470 F.3d 1339, 1343 (11th Cir. 2006) (quotation omitted). We review de novo the district court's application of the distinct offenses requirement of the ACCA. United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998).

First, we find no merit to Jemison's contention that the district court abused its discretion by admitting, in violation of Rule 404(b), the transcript of his guilty plea hearing from the state court proceeding for carrying a pistol in a vehicle without a license. Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Thus, "[e]vidence of extrinsic offenses is inadmissible to prove that the accused has the propensity to commit the crime charged." United States v. Veltmann, 6 F.3d 1483, 1498 (11th Cir. 1993). However, evidence is not extrinsic under Rule 404(b) where it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." Id.

Extrinsic evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). To be admissible under Rule 404(b), "(1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that the factfinder could find that the defendant committed the extrinsic act; and (3) the evidence must possess probative

3

value that is not substantially outweighed by undue prejudice." United States v. Perez, 443 F.3d 772, 779 (11th Cir. 2006).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. All relevant evidence is admissible. Fed. R. Evid. 402. However, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Because it gives the district court discretion to exclude otherwise admissible evidence, Rule 403 is applied sparingly. United States v. Cole, 755 F.2d 748, 766 (11th Cir. 1985). Thus, the balance under Rule 403 weighs in favor of admissibility. United States v. Terzado-Madruga, 897 F.2d 1099, 1117 (11th Cir. 1990).

Here, the district court did not abuse its discretion in admitting the evidence because it was relevant to an issue other than Jemison's character, and its probative value was not substantially outweighed by the risk of unfair prejudice. See Perez,

4

443 F.3d at 779.[1]  While the text of Ala. Code § 13A-11-73 does not appear to include a knowledge requirement, it nevertheless requires proof "(1) that the accused carried a pistol, (2) in a vehicle, and (3) that the accused had no license to carry the pistol." Sims v. State, 733 So.2d 926, 930-31 (Ala. Crim. App. 1998).  Thus, Jemison's admission of guilt to the state charge is not only relevant, but highly probative since it tended to show that Jemison had possession of the firearm on the date in question.  See Perez, 443 F.3d at 780 (considering the prosecutorial need for the evidence, the overall similarity between the extrinsic act and the charged offense, and temporal remoteness).[2]  Moreover, any unfair prejudice possibly caused by the transcript was mitigated by the district court's limiting instruction to the jury that the state offense did not establish the knowledge requirement of Section 922(g)(1).  See United States v. Edouard, 485 F.3d 1324, 1346 (11th Cir. 2007) (considering a district court's limiting instruction relevant to whether the admission of evidence was unfairly prejudicial).  For these reasons, the district court did not abuse its discretion in admitting the transcript of Jemison's state court guilty plea.

---

[1] Jemison does not dispute the second prong of the Rule 404(b) test -- that is, that there was sufficient proof for the factfinder to find that the defendant committed the extrinsic act.

[2] Jemison's attempt to force a distinction between the words "carry" and "possess" fails, as he does not explain how the evidence showing that he carried a firearm did not also tend to show that he possessed the weapon.

We next reject Jemison's claim that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to justify the jury's verdict, and rather, demonstrated that he did not have knowing possession of the firearm. To support a conviction under § 922(g)(1), the government must establish that: (1) he knowingly possessed a firearm or ammunition, (2) he was previously convicted of an offense punishable by a term of imprisonment exceeding one year, and (3) the firearm or ammunition was in or affecting interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008), petition for cert. filed, (U.S. Apr. 2, 2008) (No. 08-5067). "[Section] 922(g) is a strict liability offense that does not require the prosecution to prove that the criminal acts were done with specific criminal intent." Id. (internal quotation omitted). "The government need not prove actual possession in order to fulfill the 'knowing' requirement of § 922(g)(1)." United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004). Instead, "it may be shown through constructive possession." Id. Constructive possession may be shown through evidence "that the defendant exercised ownership, dominion, or control over the firearm, or the vehicle concealing the firearm." United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004). Thus, we have held that "a defendant had knowing possession of a firearm when driving a car with the weapon beneath the driver's seat." Wright, 392 F.3d at 1273.

6

Determinations of the credibility of witnesses fall within the exclusive province of the jury and may not be revisited unless the testimony is "incredible as a matter of law." United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997) (quotation omitted), modified on other grounds by United States v. Toler, 144 F.3d 1423 (11th Cir. 1998). "[A] statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt." United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995). Thus, "when a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." Id. (internal citation omitted).

At Jemison's trial, one officer testified that Jemison reached for the floorboard of the vehicle upon observing the officer approach the vehicle after the crash, and another officer testified that he discovered the firearm in the middle of the floorboard of the vehicle driven by Jemison. This evidence alone is sufficient to establish Jemison's knowing possession of the firearm. See Wright, 392 F.3d at 1273-74. Further, the jury was free to accept or reject his mother's testimony, and most importantly, it was free to treat Jemison's own testimony as substantive evidence of his guilt. See Brown, 53 F.3d at 314. On this record, the evidence was not so tenuous and shocking as to reveal a manifest injustice, see Milkintas, 470 F.3d at

7

1343, and as a result, the district court did not err in denying Jemison's motion for judgment of acquittal based on insufficiency of the evidence.

Finally, we are unpersuaded by Jemison's argument that the district court erred in considering two prior convictions as separate and distinct offenses for the purposes of the ACCA. Pursuant to the ACCA, if a person having 3 prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," is convicted of illegal possession of a firearm under § 922(g), the district court must impose a prison sentence of not less than 15 years. 18 U.S.C. § 924(e)(1). "[A] defendant is subject to the sentence enhancement of the ACCA if each of the three previous convictions arose out of a separate and distinct criminal episode." Pope, 132 F.3d at 689 (internal quotation omitted). "[T]he successful completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA." Id. at 692 (internal quotation omitted).

Although Jemison insists that the consecutive numbering of the charges, the temporal proximity of the offenses, and the identity of the victim show that his prior offenses for distribution of cocaine were not separate and distinct within the meaning of the ACCA, we have held that "neither the wording of the ACCA nor its legislative history reveals any intent that the predicate offenses be separated by some substantial

8

amount of time." See id. at 691. As we explained, "the different occasion requirement was intended to prevent counting simultaneous crimes separately, not to prevent the separate counting of crimes that the defendant committed in connection with, but distinct from, one another." See id. at 692. Instead, the relationship between the predicate offenses is irrelevant so long as the defendant successfully completed the first crime and made a subsequent conscious decision to commit the second offense. See id. Since Jemison concedes that he sold cocaine in two separate transactions over a 24-hour period between August 16 and 17, 1988, and does not dispute that he had a meaningful opportunity to desist in his activity after the completion of the first cocaine sale, his claim must be rejected. Accordingly, the district court did not err in sentencing Jemison as a three time offender under the ACCA, because each of Jemison's three previous convictions arose out of separate and distinct criminal episodes, and we therefore affirm.

**AFFIRMED.**