[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10966
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00299-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHIEN DINH NGUYEN,

Defendant-Appellant,

NGUYEN VAN NGUYEN,

Defendant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(February 12, 2009)

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Chien Dinh Nguyen[1] appeals his convictions for providing false information on a firearms application, 18 U.S.C. § 924(a)(1)(A), and conspiracy against the United States, 18 U.S.C. § 371. Nguyen makes two arguments. First, he contends that the district court erred by denying his motion for severance. Second, he contends that his convictions were not supported by sufficient evidence. We affirm.

I.

We review the denial of a motion for severance for abuse of discretion. United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007), cert. denied, 128 S. Ct. 2962 (2008). "It is well settled that defendants who are indicted together are usually tried together." Id. "This is particularly true in conspiracy cases." Id. (citations omitted).

We will not order a new trial based on a refusal to sever unless the defendant "demonstrate[s] that the joint trial resulted in prejudice to him." Id. To establish prejudice, the defendant must show "that the jury was unable to make an individualized guilt determination for each defendant." United States v. Francis, 131 F.3d 1452, 1459 (11th Cir. 1997). That is a heavy burden, and "cautionary instructions to the jury to consider the evidence separately are presumed to guard

---

[1] Nguyen Van Nguyen, a codefendant in this case, also filed an appeal, but that appeal was later dismissed.

adequately against prejudice." Id. (citation and quotation marks omitted).

Nguyen and his codefendants were tried together as part of the same gun-trafficking conspiracy, where guns were purchased in Georgia and then resold in Massachusetts. Nguyen contends that he was prejudiced because each defendant tried to shift the blame onto the others. He argues that those defenses were mutually exclusive and required separate trials because the jury would have to decide which defendant to believe. That argument fails. Mutually antagonistic defenses are not per se prejudicial and "co-defendants do not suffer prejudice simply because one co-defendant's defense directly inculpates another, or it is logically impossible for a jury to believe both co-defendants' defenses." United States v. Blankenship, 382 F.3d 1110, 1125 (11th Cir. 2004). Further, the district court instructed the jury to weigh the evidence relating to each defendant separately. The record reflects that the jury followed that instruction because it reached different verdicts for the defendants. Therefore, Nguyen has failed to demonstrate that the jury was unable to make an individualized determination of guilty as to each codefendant. See Francis, 131 F.3d at 1459. Nguyen was not prejudiced by the joint trial and the district court did not abuse its discretion in denying his motion for severance.

II.

Nguyen next contends that there was insufficient evidence to support his

convictions. We review a claim of insufficient evidence de novo, but view the evidence in the light most favorable to the government. United States v. Nolan, 223 F.3d 1311, 1314 (11th Cir. 2000). "We must affirm the conviction if we [conclude] that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (citation and quotation marks omitted).

We begin with Nguyen's conviction for making false statements to a licensed arms dealer, in violation of 18 U.S.C. § 924(a)(1)(A). When Nguyen purchased several guns, he signed an application form stating that he was the "actual buyer." In affirming a conviction under a similar statute,[2] we held that an earlier version of the relevant gun application form expressly put the defendant "on notice that he is the 'actual buyer' only if the purchase of firearms is for himself or for a gift." United States v. Ortiz, 318 F.3d 1030, 1038 (11th Cir. 2003) (emphasis omitted). In Ortiz, the defendant bought firearms in Georgia and sold them to two buyers in New York. Id. at 1034-35. We concluded that the defendant engaged in a sham transaction because "at the time of completing [the form he] had no intention of keeping the firearms or giving them as a gift." Id. at 1038.

Here substantial evidence supports the conclusion that Nguyen lied when he

---

[2] The defendant in Ortiz was convicted of violating 18 U.S.C. § 922(a)(6), which similarly prohibits making false statements to federally licensed firearm dealers. United States v. Ortiz, 318 F.3d 1030, 1036 (11th Cir. 2003). Because of the similarities between § 922(a)(6) and § 924(a)(1)(A), we have recognized that the reasoning in § 922(a)(6) cases provides guidance as to § 924(a)(1)(A) cases. See United States v. Nelson, 221 F.3d 1206, 1210 n.6 (11th Cir. 2000).

indicated that he was the actual buyer at the time he purchased several guns in Georgia. Specifically, there was evidence that Nguyen bought several guns of the same make and model; those guns were low-cost firearms that are commonly resold for profit; Georgia is a "source area" for handguns because of the ease with which handguns may be purchased; guns cost substantially less in Georgia than they do in Massachusetts; and several of the guns purchased by Nguyen were recovered by the police in the Boston area. Viewed in the light most favorable to the government, the evidence is sufficient to support the conclusion that Nguyen lied on his gun purchase application by stating that he was the actual buyer.

Nyugen's challenge to the sufficiency of the evidence to sustain his conviction for conspiracy under 28 U.S.C. § 371 also fails. "In order to charge a violation under § 371, the government must show that the defendant conspired to commit one or more substantive offenses against the United States, or that the defendant conspired to defraud the government in any manner or for any purpose." United States v. Harmas, 974 F.2d 1262, 1266 (11th Cir. 1992). "It has long been established that this statutory language is not confined to fraud as that term has been defined in the common law." Dennis v. United States, 384 U.S. 855, 861, 86 S. Ct. 1840, 1844 (1966). Instead, "[i]t reaches any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of government." Id. (citations omitted).

"[T]o obtain a conviction for conspiracy under 18 U.S.C. § 371, the Government must prove (1) that an agreement existed between two or more persons to commit a crime; (2) that the defendant knowingly and voluntarily joined or participated in the conspiracy; and (3) a conspirator performed an overt act in furtherance of the agreement." United States v. Ndiaye, 434 F.3d 1270, 1294 (11th Cir. 2006). "[T]he uncorroborated testimony of an accomplice is sufficient to support a conviction if it is not on its face incredible or otherwise insubstantial." United States v. Milkintas, 470 F.3d 1339, 1344 (11th Cir. 2006). Testimony is incredible or insubstantial where it is "testimony as to facts that the witness physically could not possibly have observed or events that could not have occurred under the laws of nature." United States v. LeQuire, 943 F.2d 1554, 1562 (11th Cir. 1991).

Nguyen was charged with conspiracy to provide false information on a federal firearm application, which would impair, obstruct, or defeat the function of the program for federally regulating the sale of firearms. See Dennis, 384 U.S. at 861, 86 S. Ct. at 1844. One of Nguyen's co-conspirators, Felton Stone, testified that Nguyen recruited him to purchase firearms for Nguyen and that Stone later did exactly that. Nguyen argues that no reasonable jury could believe Stone's testimony because he testified in exchange for a favorable sentencing recommendation. Nguyen is wrong. Stone's testimony was not on its face

incredible.  See id.  Beyond that, we leave credibility determinations to the jury

and "we will assume that [the jury] made them all in the way that supports the

verdict."  United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006).  Here

we assume that the jury believed Stone's testimony, and that testimony was

sufficient to established the necessary elements to prove a conspiracy against the

United States.

 **AFFIRMED.**