[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11303
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00133-CR-ORL-31-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE GARZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 19, 2010)

Before DUBINA, Chief Judge, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Appellant Enrique Garza appeals his 60-month sentence imposed following

his guilty plea to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B)(vii), 846 and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii). On appeal, Garza argues that he has met the requirements to receive a sentence below the mandatory minimum pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), also called "safety valve relief."

We review a district court's denial of safety-valve relief for clear error. *See United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). Further, we will not find clear error unless the review of the record leaves us "with the definite and firm conviction that a mistake has been committed." *United States v. White*, 335 F.3d 1314, 1319 (11th Cir. 2003) (internal quotation marks omitted).

"Safety-valve relief allows for sentencing without regard to any statutory minimum, with respect to certain offenses, when specific requirements are met." *United States v. Milkintas*, 470 F.3d 1339, 1344 (11th Cir. 2006) (quoting *United States v. Brehm*, 442 F.3d 1291, 1299 (11th Cir. 2006)); 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The five criteria are:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

2

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in [§ 408 of the Controlled Substances Act]; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

*Milkintas*, 470 F.3d at 1344-45; 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). The defendant bears the burden of proving he is eligible for safety-valve relief. *Milkintas*, 470 F.3d at 1345. Thus, to establish the fifth requirement, "[t]he burden is on the defendant to come forward and to supply truthfully to the government all the information that he possesses about his involvement in the offense, including information relating to the involvement of others and to the chain of the narcotics distribution." *Cruz*, 106 F.3d at 1557.

Because the parties do not dispute that Garza satisfied the first four requirements of the safety-valve, his appeal is limited to whether he satisfied the fifth requirement of affirmative disclosure. *Milkintas*, 470 F.3d at 1344-45. As Garza acknowledges, he was willing to discuss his own criminal activities but was

3

reluctant to discuss the activities of others involved. Garza was presented with two opportunities to discuss the information he possessed about the course of conduct surrounding his offense, but declined to discuss the role of any of the other defendants in his case. Therefore, we conclude that Garza failed to meet his burden of showing that he satisfied the affirmative disclosure requirement, and the district court did not err by denying him safety-valve relief under § 3555(f). *See Milkintas*, 470 F.3d at 1345.

**AFFIRMED.**