[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14055
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00358-CAP-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOLANDA DENISE SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 1, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Yolanda Scott appeals her convictions for conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Scott raises three issues on appeal, which we address in turn. After review, we affirm Scott's convictions.

## I.

Scott first argues the district court erred in restricting her cross-examination as to a specific incident of untruthfulness by Forsyth County Sheriff's Department Investigator Nicholls. Scott argues the Federal Rules of Evidence allowed Scott to cross-examine Nicholls regarding this incident, and to prohibit this examination violated Scott's Sixth Amendment rights.[1]

A court has the discretion to allow a party to inquire into a witness's specific instances of conduct on cross-examination if such instances are probative of the witnesses's "character for truthfulness or untruthfulness." Fed. R. Evid. 608(b). The court's discretion in limiting a criminal defendant's cross-examination of a government witness is restrained by the Sixth Amendment. *Novaton*, 271 F.3d at 1006. However, a defendant is only entitled to cross-

---

[1] We generally review a district court's evidentiary rulings for an abuse of discretion. *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001). Scott did not raise her constitutional argument in the district court regarding this issue. Where a defendant fails to assert a claim before a district court, this Court reviews the claim for plain error. *United States v. Rodriguez*, 627 F.3d 1372, 1380 (11th Cir. 2010).

examine a witness on relevant information. *Id.* (where an officer was sanctioned six years prior to the trial for actions unrelated to his character for truthfulness, the evidence was properly excluded because the danger of unfair prejudice outweighed the evidence's relevance).

The district court did not abuse its discretion in granting the Government's motion *in limine*. The conduct was a single incident of untruthfulness, occurred seven years before the trial, and Nicholls quickly corrected his statement after it was made. The danger of confusing and misleading the jury by allowing this examination substantially outweighed the potential probative value of this line of questioning.

Further, the district court did not violate Scott's Sixth Amendment rights. A single incident of untruthfulness, which occurred seven years before Scott's trial, was not relevant to Nicholls's general character for untruthfulness.

## II.

Scott next argues the district court erred in admitting a chart summarizing phone records that included Scott's name and photograph. Alternatively, Scott argues the district court should have given the jury a limiting instruction regarding

the chart.[2]

Under Federal Rule of Evidence 1006, "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Fed. R. Evid. 1006. Charts may incorporate assumptions, so long as they are "supported by evidence in the record." *United States v. Richardson*, 233 F.3d 1285, 1294 (11th Cir. 2000) (quotation omitted). The court must also make it clear to the jury they are to decide what weight to give to the evidence. *Id.* Additionally, where the defendant "has the opportunity to cross-examine a witness concerning the disputed issue and to present its own version of the case, the likelihood of any error in admitting summary evidence diminishes." *Id.* (quotation omitted).

The court did not abuse its discretion in admitting the chart summarizing phone calls made between Scott and her accomplice. All the statements found on the chart were supported by evidence in the record. Further, the district court did not plainly err by failing to give a limiting instruction as to this chart because the jury charge informed the jury they were to determine how much weight to give the evidence.

---

[2]We review jury instructions for plain error where a defendant did not request a specific instruction. *United States v. Guerrero*, 935 F.2d 189, 193 (11th Cir. 1991).

III.

Scott also argues her convictions were a manifest miscarriage of justice because her accomplice's criminal history made her testimony incredible.[3] "[U]ncorroborated testimony of an accomplice is sufficient to support a conviction . . . if it is not on its face incredible or otherwise insubstantial." *United States v. LeQuire*, 943 F.2d 1554, 1562 (11th Cir. 1991) (quotation omitted). Testimony is "incredible or insubstantial on its face" if it relates "to facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.* (quotation and alteration omitted). When a defendant testifies, the jury is free to disbelieve her testimony, and "we must accept that credibility determination." *United States v. Mateos*, 623 F.3d 1350, 1362 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1540 (2011).

Sufficient evidence supports Scott's convictions. Despite her accomplice's criminal history, the testimony was not incredible on its face. The accomplice's testimony was based on facts she observed. This Court accepts a jury's credibility determinations, even when the evidence to sustain a conviction is based solely on

---

[3] We generally review the sufficiency of the evidence *de novo*. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). However, where, as here, a defendant does not move for a judgment of acquittal at the close of the evidence, this Court will reverse her "convictions only to prevent a manifest miscarriage of justice." *United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006).

an accomplice's uncorroborated testimony. *See LeQuire*, 943 F.2d at 1562. Thus, the evidence was sufficient to sustain the convictions. Accordingly, we affirm Scott's convictions.

**AFFIRMED.**