[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12620

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

*versus*

HERIBERTO CASTILLO,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00190-MSS-SPF-3

————————————————

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

The government appeals Heriberto Castillo's 84-month sentence for conspiring to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 40 grams or more of fentanyl, and for possessing with the intent to distribute 5 kilograms or more of cocaine. It argues that the District Court erred in sentencing Castillo below the statutory minimum term of ten years' imprisonment. The government contends that, considering the U.S. Supreme Court's decision in *Pulsifer v. United States*, 601 U.S. 124, 144 S. Ct. 718 (2024), Castillo was ineligible for safety-valve relief because he had two prior three-point offenses, for a total of six qualifying criminal-history points. We agree.

When reviewing a district court's safety-valve decision, we review factual determinations for clear error and legal interpretations of the statutes and Sentencing Guidelines de novo. *United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006).

The safety-valve provision in 18 U.S.C. § 3553(f) provides that, for certain enumerated offenses, including offenses under 21 U.S.C. §§ 841 and 846,

> The court shall impose a sentence pursuant to [the United States Sentencing Guidelines] . . . without regard to any statutory minimum sentence, if the court finds at sentencing . . . , that—

> (1) the defendant does not have—
>
>> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>>
>> (B) a prior 3-point offense, as determined under the sentencing guidelines; *and*
>>
>> (C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

18 U.S.C. § 3553(f)(1)(A)–(C) (emphasis added).

In *United States v. Garcon*, we held that the word "and" in § 3553(f)(1) was conjunctive and that a defendant must have all three enumerated disqualifying criminal-history characteristics—more than four qualifying criminal-history points, a three-point offense, and a prior two-point violent offense—before he becomes ineligible for safety-valve relief. 54 F.4th 1274, 1278 (11th Cir. 2022) (en banc), *abrogated by Pulsifer*, 601 U.S. at 132 & n.1, 144 S. Ct. 725. *Garcon*, which was decided in December 2022, was controlling law at the time of Castillo's July 2023 sentencing and the government's appeal.

After we decided *Garcon*, the U.S. Supreme Court held that § 3553(f)(1) "creates an eligibility checklist" that demands a defendant satisfy each condition before he is eligible for safety-valve relief. 601 U.S. at 132, 144 S. Ct. 726. *Pulsifer* expressly abrogates the reasoning in *Garcon* by rejecting a conjunctive reading of the word "and" in § 3553(f)(1) that would "join[] three features of a

defendant's criminal history points into a single disqualifying characteristic." *Id.* at 133, 144 S. Ct. 726. Instead, the Court concludes that the word "and" joins each criminal-history characteristic in § 3553(f)(1) to the introductory phrase "does not have." *See id.* at 134–37, 150–53, 144 S. Ct. 726–29, 735–37. In other words, a defendant is eligible for safety-valve relief if he does not have more than four criminal-history points, does not have a prior three-point offense, and does not have a prior two-point violent offense. *Id.* at 153, 144 S. Ct. at 737. The presence of any of the three criminal-history characteristics in § 3553(f)(1) disqualifies a defendant from safety-valve relief. *Id.*; *see also United States v. Morley*, 99 F.4th 1328, 1343 (11th Cir. 2024) (noting *Pulsifer*'s abrogation of *Garcon* and finding that "a defendant who has *any* of the three criminal-history components under § 3553(f)(1) is disqualified from safety valve sentencing relief" (emphasis in original)).

Under *Pulsifer*, Castillo is ineligible for safety-valve relief because he has more than four qualifying criminal-history points and a prior three-point offense. The District Court erred in granting Castillo safety-valve relief and sentencing him below the statutory minimum sentence. Accordingly, we vacate Castillo's sentence and remand for further proceedings.

**VACATED AND REMANDED.**