[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11121

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

*versus*

NAVORIAS ALEXANDER SAPP,
a.k.a. Cadillac,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00022-MW-MAF-1

————————————————

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

The government appeals Navorias Sapp's 84-month sentence for possession with intent to distribute 50 grams or more of methamphetamine. It argues that the District Court erred in finding Sapp eligible for safety-valve relief under 18 U.S.C. § 3553(f) and imposing a sentence below the 15-year statutory mandatory minimum. Considering the Supreme Court's decision in *Pulsifer v. United States*, 601 U.S. 124, 144 S. Ct. 718 (2024), we agree.

When reviewing a district court's safety-valve decision, we review factual determinations for clear error and legal interpretations of the statutes and Sentencing Guidelines de novo. *United States v. Milkintas*, 470 F.3d 1339 (11th Cir. 2006).

The safety-valve provision in 18 U.S.C. § 3553(f) provides that, for certain enumerated offenses, including offenses under 21 U.S.C. § 841,

> The court shall impose a sentence pursuant to [the United States Sentencing Guidelines] . . . without regard to any statutory minimum sentence, if the court finds at sentencing . . . , that—
>
> (1) the defendant does not have—
>     (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-

point offense, as determined under the sentencing guidelines;

(B) a prior 3-point offense, as determined under the sentencing guidelines; *and*

(C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

18 U.S.C. § 3553(f)(1)(A)–(C) (emphasis added).

In *United States v. Garcon*, we held that the word "and" in § 3553(f)(1) was conjunctive and that a defendant must have all three enumerated disqualifying criminal-history characteristics—more than four qualifying criminal-history points, a three-point offense, and a prior two-point violent offense—before he becomes ineligible for safety-valve relief. 54 F.4th 1274, 1278 (11th Cir. 2022) (en banc), *abrogated by Pulsifer*, 601 U.S. at 132 & n.1, 144 S. Ct. at 725. *Garcon*, which was decided in December 2022, was controlling law at the time of Sapp's sentencing.

After we decided *Garcon*, the U.S. Supreme Court held that § 3553(f)(1) "creates an eligibility checklist" that demands a defendant satisfy each condition before he is eligible for safety-valve relief. *Pulsifer*, 601 U.S. at 132, 144 S. Ct. at 726. *Pulsifer* expressly abrogates the reasoning in *Garcon* by rejecting a conjunctive reading of the word "and" in § 3553(f)(1) that would "join[] three features of a defendant's criminal history points into a single disqualifying characteristic." *Id.* at 133, 144 S. Ct. at 726. Instead, the Court concludes that the word "and" joins each criminal-history characteristic in § 3553(f)(1) to the introductory phrase "does not have." *See id.* at

134–37, 150–53, 144 S. Ct. at 726–29, 735–37. In other words, a defendant is eligible for safety-valve relief if he does not have more than four criminal-history points, does not have a prior three-point offense, and does not have a prior two-point violent offense. *Id.* at 153, 144 S. Ct. at 737. The presence of any of the three criminal-history characteristics in § 3553(f)(1) disqualifies a defendant from safety-valve relief. *Id.*; *see also United States v. Morley*, 99 F.4th 1328, 1343 (11th Cir. 2024) (noting *Pulsifer*'s abrogation of *Garcon* and finding that "a defendant who has *any* of the three criminal-history components under § 3553(f)(1) is disqualified from safety valve sentencing relief" (emphasis in original)).

Under *Pulsifer*, Sapp is ineligible for safety-valve relief because he has a prior three-point offense. The District Court erred in granting Sapp safety-valve relief and sentencing him below the statutory minimum sentence. Accordingly, we vacate Sapp's sentence and remand for further proceedings.

**VACATED AND REMANDED.**