[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 19, 2010
JOHN LEY
CLERK

No. 09-13509
Non-Argument Calendar
_____

D. C. Docket No. 09-00054-CR-1-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FATOU DIALLO SUBERU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 19, 2010)

Before TJOFLAT, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

A Northern District of Georgia jury convicted Fatou Diallo Suberu of

conspiring knowingly to harbor aliens, in violation of 8 U.S.C. §§

1324(a)(1)(A)(iii), (a)(1)(A)(v)(I), and (a)(1)(B)(i), and the district court sentenced her to prison for thirty months and imposed a $6,000 fine. She now appeals her conviction, raising one issue: whether the evidence adduced at trial was sufficient to convict. We conclude that it was and therefore affirm.

The testimony at trial established that Suberu recruited Youssef Fofana and Amanda McGhee to participate in a scheme to provide undocumented aliens with illegal driver's licenses. Fofana found undocumented aliens in need of identification, and would then lead the aliens to the Georgia Department of Driver's Services South DeKalb Office ("DDS"), and instruct them to find McGhee, a DDS employee, and say the name "Fatou," after which McGhee would provide them with an illegal driver's license.

In her brief on appeal, Suberu argues that the evidence presented at trial was insufficient for a rational trier of fact to find beyond a reasonable doubt that she was a member of the conspiracy. Specifically, Suberu argues that (1) the testimony of the prosecution witnesses was insufficient to prove anything more than the fact that her co-conspirator, Youssef Fofana, told undocumented aliens to say her name, (2) the testimony of her alleged co-conspirators was inherently incredible and should have been disregarded, and (3) the prosecution failed to corroborate testimony regarding the profits that she allegedly received as a result of

2

her participation in the conspiracy.

We review *de novo* the sufficiency of the evidence to support a criminal conviction. *United States v. Khanani*, 502 F.3d 1281, 1293 (11th Cir. 2007). In reviewing the sufficiency of the evidence, we take all evidence and all reasonable inferences therefrom in the light most favorable to the government to determine whether a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt. *Id*.; *United States v. Garner*, 581 F.2d 481, 485 (5th Cir. 1978). Since the jury is free to choose among reasonable constructions of the evidence, we must accept the jury's credibility determinations and the inferences that could reasonably be drawn from the witnesses' testimony. *Garner*, 581 F.2d at 485. To meet its burden of proof beyond a reasonable doubt, it is not necessary for the government to provide evidence that "exclude[s] every reasonable hypothesis of innocence or [is] wholly inconsistent with every conclusion except that of guilt." *United States v. Faust*, 456 F.3d 1342, 1345 (11th Cir. 2006).

The government is required to prove each element of the charged offense beyond a reasonable doubt. *United States v. Rogers*, 94 F.3d 1519, 1524 (11th Cir. 1996). The elements of criminal conspiracy are (1) an agreement between two or more persons to commit a crime, (2) an overt act in furtherance of the agreement

3

was performed by one of the conspirators, and (3) knowledge of, intent to join, and participation in the conspiracy by each alleged conspirator. *United States v. Ndiaye*, 434 F.3d 1270, 1294 (11th Cir. 2006). A conspiracy to violate 8 U.S.C. § 1324(a) requires proof of a conspiracy to encourage or induce an alien to reside in the United States, while knowingly or recklessly disregarding that the alien's residence in the United States was in violation of the law. *Id*. at 1297. The statute includes a penalty section for violating § 1324(a)(1)(A)(i) or (v)(I) "for the purpose of commercial advantage or private financial gain," which requires a monetary fine, imprisonment for a maximum of 10 years, or both. 8 U.S.C. § 1324(a)(1)(B)(i).

"Conspiracy may be proven by circumstantial evidence and the extent of participation in the conspiracy or extent of knowledge of details in the conspiracy does not matter if proof shows the defendant knew the essential objective of the conspiracy." *United States v. Gupta*, 463 F.3d 1182, 1194 (11th Cir. 2006) (internal quotations omitted). A challenge to the sufficiency of the evidence based on a witness's lack of credibility is unlikely to succeed since the credibility of a witness is the sole province of the jury. *United States v. Chancey*, 715 F.2d 543, 546 (11th Cir. 1983). Thus, we will reverse a conviction based on a jury's credibility determinations only if the testimony credited by the jury "is so

inherently incredible, so contrary to the teachings of basic human experience, so completely at odds with ordinary common sense, that no reasonable person would believe it beyond a reasonable doubt." *Id*. at 546.

Even where the government's proof of a defendant's knowledge of, and participation in, a conspiracy depends heavily on the testimony of one or more co-co-conspirators, the jury is free to find such testimony credible. *United States v. Milkintas*, 470 F.3d 1339, 1344 (11th Cir. 2006). The uncorroborated testimony of an accomplice is sufficient to support a conviction if it is not incredible or unbelievable on its face. *United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976) (holding that, despite an accomplice's reputation for lying and mental instability, criminal history, and belief that his testimony would benefit him, his testimony was sufficient evidence to support a conviction because he was not testifying "to facts that he physically could not have possibly observed or events that could not have occurred under the laws of nature.").

The evidence presented at trial was sufficient for a reasonable fact-finder to conclude that Suberu was guilty of the crime charged beyond a reasonable doubt. The district court therefore committed no error in denying her motion for judgment of acquittal.

However, the judgment in this case contains a clerical error. The judgment

states that Suberu was found guilty under 8 U.S.C. §§ 1324(a)(1)(A)(iii),

1324(a)(1)(A)(v)(I) & **1324(a)(1)(B)(I)**.  The final subsection should correctly read

"1324(a)(1)(B)**(i)**."   Accordingly, although the underlying conviction is affirmed,

we remand the case to the district court to correct this error.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

6