[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13527

_____

D. C. Docket No. 06-00004-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCIS QUIRANTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 21, 2007)**

Before CARNES, WILSON and HILL, Circuit Judges.

CARNES, Circuit Judge:

Francis Quirante's career in the merchant marine, culminating in his service

as a second officer aboard the M/V <u>Ocean Glory</u>, ended in a way that was anything

but glorious.  Facing financial difficulties, Quirante became part of an effort to smuggle two kilograms of heroin into this country.  He was caught and charged, and he pleaded guilty to possessing with intent to distribute one or more kilograms of heroin in violation of 21 U.S.C. § 841(a)(1).

In return for his guilty plea the husband and father of three young girls hoped to receive a sentence of only 70 months.  That would have been okay with the government.  The district court, however, citing the mandatory minimum sentence set out in § 841(b)(1)(A), sentenced Quirante to 120 months imprisonment.  Quirante's appeal brings us issues involving the so-called safety-valve mechanism, which operates in some circumstances to provide a guidelines sentence even though a higher mandatory minimum sentence would otherwise be required by statute.  See 18 U.S.C. § 3553(f); United States Sentencing Guidelines § 5C1.2 (Nov. 2006).  The principal issue is whether application of the safety valve is mandatory or discretionary with the sentencing judge.

Under the sentencing guidelines this crime yields a base offense level of 32.  See U.S.S.G. § 2D1.1(c)(4).  The pre-sentence investigation report recommended, and neither the government nor Quirante objected to, the offense level being reduced by two levels because Quirante satisfied the five safety-valve criteria, see § 5C1.2, and by three levels because he accepted responsibility for his crime, see §

2

3E1.1(a), (b). Those adjustments brought the offense level down to 27. With no record of prior criminal activity, Quirante had a criminal history score of I, and the PSR calculated his advisory guideline range sentence as between 70 and 87 months imprisonment.

The PSR noted that pursuant to 21 U.S.C. § 841(b)(1)(A) Quirante was subject to a ten-year mandatory minimum prison sentence. Nonetheless, it recommended that the court should impose a sentence in accordance with the advisory guideline range, because Quirante met the safety-valve criteria in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. There were no objections to the PSR by either side.

At the sentence hearing, the district court adopted as its own the factual statements and guideline calculations in the PSR. The probation officer explained to the court at the hearing that Quirante: "was what we call safety valve eligible, which removes the mandatory minimum. The Court is allowed to sentence below that." The court responded by asking counsel for Quirante why it "shouldn't do the minimum"—why it shouldn't sentence him to the mandatory minimum sentence of ten years in prison. Counsel answered that Quirante met the five criteria for application of the safety valve, to which the court replied: "I know that he meets [the safety valve]. But it is still discretionary."

Quirante's counsel then argued that because of the factors set out in 18 U.S.C. § 3553(a), Quirante should be sentenced to the low end of the advisory guideline range of 70 to 87 months. The probation officer agreed, and so did the attorney representing the government. In fact, the Assistant United States Attorney actually made a plea for a low-end sentence, characterizing Quirante's crimes as "aberrational behavior" stemming from a regrettable "life-changing bad decision" for which not only Quirante but also his family would suffer terribly. He explained that the government had promised in the plea bargain to suggest a sentence at the low end of the guidelines range, and he was making good on that promise.

Everyone favored a low-end sentence for Quirante. Everyone except the district court. After hearing from counsel and the probation officer, the court said this:

> The defendant has given his statement. I have considered those factors of the so-called valve. But notwithstanding the recommendations of the government, the probation officer, and the defendant's counsel, the Court sentences Francis Padillo Quirante to the custody of the Bureau of Prisons for a term of 120 months. That is the minimum sentence provided for under the guidelines.

The court explained its view that the 120-month sentence was warranted because Quirante was an officer of a vessel coming into the United States, and "the whole setup indicates . . . this is not the first time, likely not the first time that he has participated," and he did so readily. The court added:

4

> The amount of drugs involved and the potential to do damage in the country—coming through our ports, he was a guest here—makes the Court find that the safety valve should not be used in this instance.

With that said, the court sentenced Quirante to 120 months in prison and five years of supervised release. The court noted that it was sure counsel for Quirante wished to object to what the court characterized as its "not accepting the safety valve recommendation." Counsel had no other objection.

It is clear to us that the district court believed that the safety valve provision is precatory not mandatory, a suggestion not a command. The district court thought that even if a defendant meets all of the requirements of the safety valve, as Quirante does, it is still discretionary with the court whether to give him the benefit of the provision. The court said as much: "I know that he meets [the safety valve]. But it is still discretionary." And the court acted on its belief, sentencing Quirante to the mandatory minimum sentence and labeling it as that: "the Court sentences Francis Padillo Quirante to the custody of the Bureau of Prisons for a term of 120 months. That is the minimum sentence provided for under the guidelines." See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.") Finally, in summing up defense counsel's objection, the court described what it was doing

5

as "not accepting the safety valve recommendation."

The district court was mistaken. The safety valve provision mandated by 18 U.S.C. § 3553(f) and reflected in § 5C1.2 of the guidelines is not discretionary. Its plain terms are plainly mandatory. The statutory language states that when a defendant has been convicted of violating one of the specified statutes (as Quirante was) and meets the five specified requirements (as Quirante did), "the court shall impose a sentence pursuant to [the] guidelines . . . without regard to any statutory minimum sentence." The word "shall" does not convey discretion. It is not a leeway word.

The Supreme Court has said that the term "shall" "normally creates an obligation impervious to judicial discretion." Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35, 118 S. Ct. 956, 962 (1998). That is, where Congress uses the word "shall" to describe a party's obligation, Congress intends to command rather than suggest. Anderson v. Yungkau, 329 U.S. 482, 485, 67 S. Ct. 428, 430 (1947) ("The word 'shall' is ordinarily 'The language of command.'" (citation omitted)). The one commanded must follow the command. Hicks v. Miranda, 422 U.S. 332, 352, 95 S. Ct. 2281, 2293 (1975) (Burger, C.J., concurring) ("It is well settled that 'shall' means 'must' . . . ."); see also Black's Law Dictionary 1407 (8th ed. 2004) ("shall" defined as "Has a duty to; more

6

broadly, is required to").  We follow the plain language of statutes.  CBS Inc. v. Primetime 24 Joint Venture, 245 F.3d 1217, 1222 (11th Cir. 2001); Harris v. Garner, 216 F.3d 970, 972, 976 (11th Cir. 2000) (en banc); Merritt v. Dillard Paper Co., 120 F.3d 1181, 1186 (11th Cir. 1997).

Our decision on this issue is in line with those of the Second and Ninth Circuits.  See United States v. Castillo, 460 F.3d 337, 353–54 (2d Cir. 2006); United States v. Cardenas-Juarez, 469 F.3d 1331, 1332–33 (9th Cir. 2006).  We agree with them that when the requirements of § 3553(f) are met, if a defendant has an advisory guidelines range lower than an otherwise applicable mandatory minimum, he must be given the benefit of the guidelines range in arriving at the advice that the guidelines furnish for the sentencing decision.

Of course, since United States v. Booker, 543 U.S. 220, 125 S. Ct. 783 (2005), the guidelines are only advisory, and a court compelled to disregard a mandatory minimum sentence in favor of the guidelines range at the advice-determining stage may vary upward to and even past the mandatory minimum point after considering the § 3553(a) factors—so long as the final sentence is reasonable.  That is not, however, what the court did here.  It did not correctly calculate the guidelines range in light of the safety valve and then decide whether it should vary up or down from there in light of § 3553(a).  Instead, the court went

7

with the mandatory minimum sentence notwithstanding § 3553(f)'s command that it be disregarded. Because a mandatory minimum sentence that must be disregarded under § 3553(f) is not a § 3553(a) factor, it cannot be considered in any part of the sentencing decision when the safety valve applies. The court erred in considering it.

We have no occasion to decide whether a sentence higher than the guidelines range of 70 to 87 months would have been reasonable in this case after taking into account the § 3553(a) factors had there been no erroneous consideration of the mandatory minimum sentence. That is not this case, at least not yet. Nor do we have any occasion to address, and we imply no view on, the issue we left open in United States v. Lett, ___ F.3d ___, 2007 WL 1028777, at *7 (11th Cir. Apr. 6, 2007), which is whether the safety valve applies where the defendant's advisory guideline range is higher than the mandatory minimum sentence. That is not this case, either.

The sentence is VACATED and the case is REMANDED for further proceedings consistent with this opinion.