[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13024
Non-Argument Calendar

_____

D. C. Docket No. 06-00160-CR-ORL-28DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK DANTE CLARK,

Defendant-Appellant.

_____

No. 07-13070
Non-Argument Calendar

_____

D. C. Docket No. 06-00160-CR-ORL-19JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALICIA MARIE RIEDEL,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(February 19, 2008)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellants Alicia Riedel and Derrick Clark both appeal their convictions and sentences for conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), and possession with intent to distribute and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). The district court sentenced Riedel to 121 months imprisonment and Clark to 240 months imprisonment.

Riedel argues that she was entrapped and that the evidence was insufficient for the jury to find beyond a reasonable doubt that she was predisposed to sell drugs. She also argues that the district court erred in its application of the Sentencing Guidelines by applying an obstruction-of-justice enhancement under

U.S.S.G. § 3C1.1, declining to adjust her sentence for acceptance of responsibility under U.S.S.G. § 3E1.1, and not granting her safety-valve relief under U.S.S.G. §§ 5C1.2 and 2D1.1(b)(9). Furthermore, she argues for the first time in her reply brief that the recent crack cocaine amendments to the Sentencing Guidelines should apply to her sentence. Clark argues that the evidence did not support finding that the offense involved crack cocaine, and Riedel adopts this argument.

## I. Entrapment

After the jury returned the guilty verdict, Riedel renewed her motion for acquittal on this issue, which preserved it for appeal. *United States v. Allison*, 616 F.2d 779, 784 (5th Cir. 1980). Because entrapment is generally a jury question, review of an entrapment claim is, as a matter of law, a sufficiency-of-the-evidence inquiry. *United States v. Miller*, 71 F.3d 813, 815 (11th Cir. 1996). We review a jury's rejection of an entrapment defense *de novo*, viewing all of the evidence and inferences in favor of the government. *United States v. Francis*, 131 F.3d 1452, 1456 (11th Cir. 1997). "[W]e cannot overturn the jury's verdict if any reasonable construction of the evidence would allow the jury to find the defendant guilty beyond a reasonable doubt." *Id.* If a defendant testifies, the jury may conclude that the opposite of the testimony is true and use the statement as substantive

evidence of the defendant's guilt. *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).

There are two elements in a valid entrapment defense: "(1) government inducement of the crime, and (2) defendant's lack of predisposition to commit the crime prior to the inducement." *Francis*, 131 F.3d at 1455-56. "Once the defendant has produced evidence of inducement, the government must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime absent the government's role in assisting such commission." *Id.* at 1456. "Predisposition is a fact intensive inquiry into the defendant's readiness and willingness to engage in the crime absent any contact with the government's officers or agents." *Id.* Predisposition may be demonstrated by the following: (1) the defendant's ready commission of the charged crime; (2) evidence that the defendant had the opportunity to back out of the illegal transaction, but failed to do so; and (3) the jury's consideration of defendant's demeanor and credibility. *Miller*, 71 F.3d at 816.

Because we conclude from the record that there was sufficient evidence for the jury to conclude that Riedel was predisposed to sell drugs, we affirm her convictions. *See Miller*, 71 F.3d at 816-17.

II.     **Application of the Sentencing Guidelines**

After *United States v. Booker*, 543 U.S. 220, 125 S. Ct 738 (2005), we established a two-part process for district courts to use in calculating sentences. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). First, the district court must consult and correctly calculate the range recommended by the Sentencing Guidelines. Second, the district court must fashion a reasonable sentence by considering the factors enumerated in 18 U.S.C. § 3553(a). *Id.* Here, Riedel only challenges aspects of the sentencing court's guidelines calculations.

### A. Obstruction of Justice

Under U.S.S.G. § 3C1.1, if the defendant willfully obstructs the administration of justice with respect to the prosecution of the instant offense and the obstructive conduct related to the defendant's offense of conviction, the district court should increase the offense level by two levels. U.S.S.G. § 3C1.1. A defendant qualifies for the obstruction of justice enhancement when she "testifies untruthfully concerning a material fact during the course of judicial proceedings." *United States v. Wallace*, 904 F.2d 603, 604 (11th Cir. 1990) (citing U.S.S.G. § 3C1.1, comment. (n.1)).

When a district court imposes an enhancement under the Guidelines for obstruction of justice, we review the district court's factual findings for clear error, but review its application of the Guidelines to those facts *de novo*. *United States v.*

*Bradberry*, 466 F.3d 1249, 1253 (11th Cir. 2006). "Where the district court must make a particularized assessment of the credibility or demeanor of the defendant, we accord special deference to the district court's credibility determinations, and we review for clear error. *United States v. Amedeo*, 370 F.3d 1305, 1318 (11th Cir. 2004).

After viewing the record, including Riedel's testimony, we conclude that it was not a clear error for the judge to determine that Riedel had lied while testifying. Accordingly, we affirm the district court's sentencing enhancement for obstruction of justice.

## B. Acceptance of Responsibility

Under U.S.S.G. § 3E1.1(a), a defendant's offense level should be reduced by two levels if she clearly demonstrates acceptance of responsibility. U.S.S.G. § 3E1.1(a). An adjustment is not warranted when the defendant falsely denied relevant conduct. *United States v. Coe*, 79 F.3d 126, 127 (11th Cir. 1996) (citing U.S.S.G. § 3E1.1, comment. (n.1)). "We review the district court's determination of acceptance of responsibility only for clear error." *Amedeo*, 370 F.3d at 1320. "A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish

that a defendant has accepted personal responsibility." *Id.* at 1320-21 (citation omitted).

Since the district court did not clearly err in finding that Riedel lied about relevant conduct, an adjustment due to acceptance of responsibility was not warranted. Thus, we conclude that it was not clear error for the district court to deny an adjustment for acceptance of responsibility. Accordingly, we affirm the district court's denial of an adjustment for acceptance of responsibility.

### C.    Safety-Valve Relief

We review the district court's denial of safety-valve relief for clear error. *United States v. Camacho*, 261 F.3d 1071, 1073 (11th Cir. 2001). Under U.S.S.G. § 5C1.2, a defendant qualifies for safety-valve relief if the district court finds, among other things, that the following criterion was met:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5). If a defendant qualifies for safety-valve relief, the district court must disregard the mandatory minimum sentence and sentence the defendant based upon the applicable guideline range and the factors in 18 U.S.C. § 3553(a).

7

*United States v. Quirante*, 486 F.3d 1273, 1275-76 (11th Cir. 2007). Thus, if the defendant qualifies for safety-valve relief, the district court may sentence the defendant below the mandatory minimum sentence. *See id.* If a defendant qualifies for safety-valve relief, the district court should decrease the offense level by two levels. U.S.S.G. § 2D1.1(b)(9) (2006). If the defendant lies, she must make a complete and truthful proffer "[n]ot later than the time of the sentencing hearing" to qualify for safety-valve relief. *United States v. Brownlee*, 204 F.3d 1302, 1304 (11th Cir. 2000).

Because the judge had information that Riedel had not made a complete and truthful proffer, we conclude that it was not clear error for the district court to deny Riedel safety-valve relief. Accordingly, we affirm the denial of safety-valve relief.

**D.     Recent Crack Cocaine Amendments to the Sentencing Guidelines**

Issues not raised in a party's initial brief are deemed waived, although raised in supplemental briefs. *United States v. Curtis*, 380 F.3d 1308, 1310 (11th Cir. 2004).

Because Riedel did not raise this issue in her initial brief, we deem it waived and will not consider the argument.

**III.    Involvement of Crack Cocaine**

Neither Clark nor Riedel preserved this issue for appeal. Thus, we review for plain error. *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007). Plain error review "requires the petitioner to establish (1) that there was error (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *Id.* at 1008.

Under 21 U.S.C. § 841(b)(1)(A)(iii), a defendant who was convicted of a prior drug-related felony is subject to a mandatory minimum sentence of 20 years imprisonment if the offense involved "50 grams or more of a mixture of substance . . . which contains cocaine base." Addressing materially similar language in 21 U.S.C. § 960(b), this court held in *Munoz-Realpe* that "cocaine base" should only include "crack cocaine." *United States v. Munoz-Realpe*, 21 F.3d 375, 377-79 (11th Cir. 1994). "'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." *Id.* at 377.

Since several witnesses testified that the substance in question was crack cocaine, the evidence supports a finding of "crack cocaine," as opposed to a more general finding of "cocaine base." Accordingly, there was no error, much less plain error.

9

**IV.    Conclusion**

Based on our review of the record and the parties' briefs, we discern no reversible error and therefore affirm Clark's and Riedel's convictions and sentences.

**AFFIRMED.**