[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11198
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00075-PGB-DAB-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHANNS TEJEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 9, 2017)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Johanns Tejeda appeals his 120-month total sentence, the statutory mandatory minimum, after pleading guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine.  *See* 21 U.S.C. §§ 841(a), (b)(1)(A)(viii), 846; 18 U.S.C. § 2. He argues on appeal the district court abused its discretion when it denied his motion to continue his sentencing hearing so he could complete the disclosure requirement for safety-valve relief.  *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). Upon review,[1] we affirm the district court's denial of his motion to continue.

## I. DISCUSSION

Tejeda has the burden to demonstrate that the denial was an abuse of discretion and that it "produced specific, substantial prejudice."  *Edouard*, 485 F.3d at 1350.  "In determining whether the denial of a motion for continuance was proper, we must decide the matter in light of the circumstances presented, focusing upon the reasons for the continuance offered to the trial court when the request was denied."  *Id.* (quotation omitted).  "If the district court finds that the factual circumstances warrant a continuance, then it may"—but is not required to— "continue the sentencing hearing to give the defendant more time to fully debrief

---

[1] "We review a district court's denial of a motion to continue sentencing for abuse of discretion."  *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007).

2

and give a formal safety-valve statement." *United States v. Garcia*, 405 F.3d 1260, 1275 (11th Cir. 2005).

Tejeda has failed to meet his burden to show the district court abused its discretion in denying his motion to continue his sentencing hearing. Tejeda was not diligent in providing the testimony necessary to complete the proffer for safety-valve relief. *See United States v. Milkintas*, 470 F.3d 1339, 1345–46 (11th Cir. 2006) ("[The Government] is under no obligation to solicit information from defendants who seek to satisfy the 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5) requirement to provide information."). As the district court noted, Tejeda had months between his guilty plea and the sentencing hearing to provide the Government with all relevant information at his disposal, which he could have done by written proffer, obviating any alleged scheduling conflicts. *See United States v. Milkintas*, 470 F.3d 1339, 1345–46 & n.4 (11th Cir. 2006) (acknowledging that a defendant may make a proffer for safety-valve relief in writing). Tejeda's counsel ultimately admitted this failure stemmed from Tejeda's "concerns about what to tell [the Government] about other people and other things." In addition, Tejeda did not establish he could have made the proffer in a reasonable time had the court granted the continuance.

Tejeda has also failed to meet his burden to show that he suffered specific, substantial prejudice because of the denial. It is true that safety-valve relief, when

applicable, is mandatory. *United States v. Quirante*, 486 F.3d 1273, 1275 (11th Cir. 2007). However, though Tejeda argues that not receiving safety-valve relief at sentencing substantially prejudiced him by denying him the chance to avoid the statutory-minimum sentence, he has not explained why he did not pursue substantial-assistance relief after sentencing, which could have provided the same benefit. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1; Fed. R. Crim. P. 35(b). Indeed, both the court and the Government indicated at the sentencing hearing their willingness to cooperate in the event Tejeda elected to pursue this alternative.

## II. CONCLUSION

Tejeda has demonstrated neither that the district court abused its discretion in denying his motion to continue his sentencing hearing, nor that he suffered specific, substantial prejudice because of the denial. Accordingly, we affirm the district court's denial of his motion to continue.

**AFFIRMED**.