[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12477
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cr-00032-CEH-AAS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL GOMEZ GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 17, 2020)

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Jose Manuel Gomez Gomez appeals his 120-month sentence for conspiracy to possess with intent to distribute, and possession with intent to distribute, five or more kilograms of cocaine while onboard a vessel subject to the jurisdiction of the United States.  He argues that the District Court erroneously applied a base offense level of 38 in its Sentencing Guidelines calculations, based on its finding that Gomez and his co-conspirators possessed over 450 kilograms of cocaine.  Gomez disputes the District Court's factual basis for determining the net weight of the cocaine seized from the vessel.  Because we agree with Gomez and find unpersuasive the Government's contention that any error was harmless, we reverse.

## I.

We review a district court's factual determination of the drug quantity attributable to the defendant for clear error.  *United States v. Azmat*, 805 F.3d 1018, 1046 (11th Cir. 2015).  The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the presentence investigation report, or evidence presented during the sentencing hearing.  *United States v. Louis*, 559 F.3d 1220, 1224 (11th Cir. 2009).  The government bears the burden of establishing drug quantity by a preponderance of the evidence.  *Azmat*, 805 F.3d at 1046.

2

Calculating a weight based on the "gross weight" of a drug mixture, which includes unusable components, is error, and the Guidelines range must be evaluated based only on the usable net weight of the drug. *United States v. Rolande-Gabriel*, 938 F.2d 1231, 1237–38 (11th Cir. 1991); *see also United States v. Smith*, 51 F.3d 980, 981–82 (11th Cir. 1995) (holding that it was error for the court to attribute 544 kilograms of marijuana to the defendant because the marijuana was weighed while damp and therefore was in a heavier, unusable state). A district court may approximate the net weight of drugs seized if the seized material "cannot readily be separated from the mixture or substance that appropriately is counted," or the "amount seized does not reflect the scale of the offense." U.S.S.G. § 2D1.1 comment. (n.1); *id.* comment. (n.5). However, it commits clear error if it does not base an approximation of the weight of drugs attributable to a defendant on record evidence. *United States v. Lawrence*, 47 F.3d 1559, 1565 (11th Cir. 1995); *see also Azmat*, 805 F.3d at 1046 ("[Calculation of drug quantities] may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant, but it cannot be based on calculations of drug quantities that are merely speculative.") (internal quotation marks and brackets omitted); *United States v. Zapata*, 139 F.3d 1355, 1359 (11th Cir. 1998) (concluding that the district court committed clear error when it "rounded up" the defendant's drug quantity calculation so as to attribute 20 kilograms of marijuana

to him, rather than the 19.9584 kilograms supported by the evidence, as the decision to "round up" resulted in an increase of his base offense level and had neither legal nor factual support).

Section 2D1.1(c) of the Sentencing Guidelines provides a base offense level of 38 where a defendant trafficks 450 kilograms or more of cocaine, but a base offense level of 36 for amounts of cocaine between 150 kilograms and 450 kilograms. U.S.S.G. § 2D1.1(c)(1), (2). The District Court assigned Gomez a base offense level of 38 based on the seized cocaine packages' gross weight of 560 kilograms. This required the District Court to estimate that "the net weight is certainly somewhere greater than . . . 450 kilograms." The District Court did so because the Government encountered delay in receiving a laboratory report that would have definitively indicated the weight of the cocaine without the additional weight of the packaging. This was clear error.

Here, the Guidelines did not permit the District Court to approximate the net weight of the cocaine seized. *See* U.S.S.G. § 2D1.1 comment. (n.1) (stating that the weight of drug mixture may be approximated if any other materials contained in the mixture "cannot readily be separated from the mixture or substance that appropriately is counted in the Drug Quantity Table.").[1] The cocaine was in the

---

[1] Commentary to the Sentencing Guidelines in effect at the time of sentencing is binding, unless it is contrary to the U.S. Constitution or federal statute, or is inconsistent with, or a plainly erroneous reading of, the related guideline provision. *Stinson v. United States*, 508 U.S. 36, 38,

possession of the Government, and the record gives no indication that it could not have readily been separated from its packaging; neither the parties nor the Court suggest that a laboratory would have been unable to determine the net weight if given time to prepare a report. Thus, the Guidelines' instruction that the net weight may be approximated in certain circumstances did not apply here.

But even if the District Court was permitted to approximate the drug quantity, the District Court's approximation of the cocaine's net weight in this case was purely speculative. Without relying on any record evidence such as a laboratory report, photographs, or witness testimony, the District Court conclusively decided that the cocaine's packaging elements did not weigh any more than 100 kilograms. It did so even when presented with a plausible suggestion by Gomez's counsel that the packages of cocaine may have been weighted so that they would sink if thrown overboard. That being the case, the District Court clearly erred in calculating Gomez's guideline sentence as it did not have a factual or legal basis for attributing 450 kilograms or more of cocaine to him. *See United States v. Aragon*, 922 F.3d 1102, 1112–13 (10th Cir. 2019) (in which the Tenth Circuit held that a district court clearly erred when it estimated the weight of packaging for seized drugs using only photographs of the suspected drugs in their packaging and their gross weights.)

---

113 S. Ct. 1913, 1915 (1993).

II.

We next turn to the Government's contention that the aforementioned error was harmless.  An error in sentencing guidelines calculation is harmless if the district court clearly states that it would have imposed the same sentence without the error.  *United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009).

The Government argues that the District Court would have imposed a sentence of 120 months' imprisonment for Gomez no matter whether it calculated his Guidelines base offense level as 36 or 38.  The Government contends that the District Court stated that its calculation of 120 months as an appropriate sentence was based exclusively on the 120 month sentence imposed on Gomez's co-conspirator.  However, at sentencing, the District Court indicated that it had also considered the "nature and circumstances of the offense" as well as "[Gomez's] history and personal characteristics," in particular his advanced age.  Moreover, when handing down the sentence, the District Court specifically mentions "the amount of cocaine in this case," thus explicitly referencing its erroneous calculation.  We cannot say that the District Court "clearly state[d]" that it would have imposed the same sentence even if it had calculated the Guidelines range correctly.  *Barner*, 572 F.3d at 1248.  As a result, the error was not harmless.

One final issue bears mentioning.  In finding that the error was not harmless, we presume, as the parties do, that the District Court could have varied downward

below the 120-month sentence it imposed.  The parties do not discuss on appeal the fact that Gomez pled guilty to an offense with a statutory mandatory minimum of 120 months' imprisonment.  21 U.S.C. § 960(b)(1).  The imposition of a statutorily mandated minimum sentence would typically lead to a finding of harmless error.  *See United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005) ("Because we conclude that the district court correctly imposed the statutory mandatory minimum sentence, any error in the guidelines calculations is harmless and we need not address these arguments.").

However, we believe that the statutory minimum of 120 months' imprisonment for Gomez's offense does not mandate a finding of harmless error because of the applicable safety-valve provision.  The safety-valve provision permits a district court to disregard the mandatory minimum sentence under certain circumstances.  18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.  If the defendant meets the statutory requirements for safety-valve relief, the application of safety-valve relief is mandatory.  *United States v. Quirante*, 486 F.3d 1273, 1275 (11th Cir. 2007).  Gomez's pre-sentence investigation report found that he meets the safety-valve criteria for relief, and the District Court adopted the facts contained in that report.  Therefore, because the District Court was permitted to vary Gomez's sentence below the statutory minimum for the offense because of the applicability

7

of safety-valve relief, our finding that the Guidelines calculation error was not harmless is not disturbed.

III.

Because the District Court clearly erred by failing to base the quantity of cocaine attributable to Gomez on record evidence and the error was not harmless, we vacate Gomez's 120-month total sentence and remand his case to the District Court for resentencing consistent with this opinion.

**VACATED AND REMANDED.**