[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11243

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DIOGENES ARIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20546-PCH-1

_____

2                    Opinion of the Court                    22-11243

_____

No. 22-11245

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee-Cross Appellant,

*versus*

KAISI PRESINAL,

Defendant-Appellant-Cross Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20546-PCH-2

_____

Before JORDAN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Diogenes Arias and Kaisi Presinal appeal their convictions under the Maritime Drug Law Enforcement Act. They argue the MDLEA is unconstitutional as applied to them because they were

apprehended outside U.S. "high seas" jurisdiction. Arias also argues he should have received a minor role reduction and his sentence was substantively unreasonable. The government cross-appeals Presinal's sentence, arguing the district court erred in finding Presinal did not possess a gun. We affirm the convictions and Arias's sentence because we have already resolved the constitutional issues raised and are not persuaded by the defendants' sentencing arguments. Because the district court's finding as to possession of the gun was clearly erroneous, we vacate Presinal's sentence and remand to the district court for resentencing.

## I.

In 2021, Arias and Presinal were caught on a small boat carrying 370 kilograms of cocaine. A Colombian drug cartel had recruited the two, both originally from the Dominican Republic, to smuggle the drugs for around the equivalent of $60,000 each. The two had been present at the loading of the boat, where one of the Colombians gave Presinal a handgun. Arias was unaware of this gun. The U.S. Coast Guard captured the boat about 69 nautical miles south of the Dominican Republic, outside the Dominican Republic's territorial waters but inside their exclusive economic zone as defined in United Nations Convention on the Law of the Seas. *See* 21 I.L.M. 1245.

Arias and Presinal pleaded guilty to conspiracy to possess five or more kilograms of cocaine with intent to distribute in violation of the MDLEA. The district court ruled the MDLEA was constitutional as applied. At sentencing, the district court denied Arias

a minor role reduction, finding Arias had "the same" role as Presinal and refusing to compare Arias to the broader Colombian conspiracy.

The gun complicated sentencing, as whoever possessed it would be ineligible for safety-valve relief and thus get a harsher mandatory minimum sentence. Presinal admitted to having received a gun on the beach but argued he was coerced. The district court flatly rejected any coercion arguments, finding "there's no evidence of that . . . . That just doesn't make any sense to me. He had the firearm." Dist. Ct. Doc. 78 at 8-9. The district court acknowledged this finding required a "minimum mandatory of 120 months" because of "the legal issues about safety valve." Dist. Ct. Doc. 78 at 23-24.

The district court then contemplated the unfairness of giving Presinal a harsher sentence than Arias, reasoning Presinal had only ended up with the gun because of bad luck. After the government reminded the court Presinal was ineligible for safety-valve relief, the court vowed to apply it anyway. *See* Dist. Ct. Doc. 78 at 26-27 ("And you can appeal me, if you want . . . . I'm just not going to treat these two people differently."). Because the district court wanted to avoid sentencing Presinal to a mandatory minimum, the district court reversed its finding that Presinal had possessed the gun. *See* Dist. Ct. Doc. 78 at 29-30. ("I find he didn't actually possess the gun . . . . So now we don't have a minimum mandatory.").

**II.**

The defendants raise three arguments on appeal, and the government raises one on cross-appeal. We address each in turn.

*A.*

The defendants argue the MDLEA was unconstitutional as applied to them, meaning the district court lacked subject-matter jurisdiction. We review *de novo* subject-matter jurisdiction and the constitutionality of criminal statutes. *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016); *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

The MDLEA prohibits intentional possession of a controlled substance with intent to distribute while onboard a covered vessel. 46 U.S.C. § 70503(a)(1). The MDLEA is constitutional as applied to vessels on the "high seas" under the Felonies Clause. *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020); *see also* U.S. Const. art. I, § 8, cl. 10; *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248 (11th Cir. 2012).

On appeal, Arias and Presinal argue they were not apprehended on the "high seas" because he was in the Dominican Republic's exclusive economic zone. *See* 21 I.L.M. 1245. However, this Court has recently ruled that an "EEZ is part of the 'high seas' and thus within Congress's authority under the Felonies Clause." *United States v. Alfonso*, 104 F.4th 815 (11th Cir. 2024). Because "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by

the Supreme Court or by this court sitting *en banc*," *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008), *Alfonso* resolves this issue in the government's favor.

B.

Arias argues the district court erred in two ways in denying his minor role reduction. We review the district court's determination of a defendant's role for clear error, *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*), meaning the district court's finding will stand if it was a "permissible" view of the evidence, *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (citations omitted). We may affirm on any basis supported by the record, regardless of whether the district court decided the case on that basis. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

Arias first argues the district court erred by comparing Arias's culpability only to Presinal and not to the Colombian cartel who recruited them. The district court ignored the latter because Arias and Presinal "are not being held responsible for the overall drug organization's activities; they're only being held responsible for one shipment of 370 kilograms . . . and they were an integral part of the attempt to transport that." Dist. Ct. Doc. 78 at 16. "[W]e have unambiguously held that a defendant's role in the offense may not be determined on the basis of criminal conduct for which the defendant was not held accountable at sentencing." *De Varon*, 175 F.3d at 941. Even so, Arias argues the Colombian cartel who employed him were also participants in *his* activity in shipping this

amount of drugs, meaning the district court clearly erred by ignoring them.

This argument fails. Even if the Colombian cartel members were "participants" in the relevant conduct due to their planning, the district court's finding on Arias's role was still "permissible." *Anderson*, 470 U.S. at 574 (citations omitted). The mere existence of bigger fish does not mandate a role reduction for a defendant, as "it is possible that none [of the participants] are minor or minimal participants." *De Varon,* 175 F.3d at 944-45. Here, only Arias and Presinal transported the large quantity of cocaine, and both stood to gain financially. Arias chose to take the job and was essential to the plan. We cannot say that the district court clearly erred in concluding from this evidence that Arias's role was not minor compared to those who planned but did not participate in his voyage. *See also De Varon*, 175 F.3d at 945 ("[O]ne who, say, points a gun at a bank teller and seizes the money is not entitled to a downward adjustment simply because someone else in the gang supervised his activities." (quotation marks omitted) (quoting *United States v. Rotolo*, 950 F.2d 70, 71 (1st Cir. 1991) (Breyer, C.J.))).

Arias also argues the district court erred by refusing to consider all the Section 3B1.2 factors in determining his role. These factors include the defendant's understanding of the "scope and structure" of the criminal activity, whether the defendant planned or organized the activity or exercised decision-making authority, the "nature and extent of the defendant's involvement," and "the degree to which the defendant stood to benefit from the criminal

activity." U.S.S.G. 3B1.2, comment. (n.3(C)). We have held that a sentencing court "must consider all of the § 3B1.2 factors to the extent applicable, and it commits legal error in making a minor role decision based solely on one factor." *Cabezas-Montano*, 949 F.3d at 606 (brackets omitted).

But here, too, the record amply supports the district court's finding. Arias was a principal courier of a large shipment of drugs and stood to gain $60,000 from it. He chose to take the job, and his participation was integral to the overall enterprise. Although the district court most heavily relied on the fact that Arias was only being held responsible for the drugs in the shipment, it also heard arguments that Presinal and Arias were the "little guys" in the operation and found that they were an integral part in transporting a large amount of cocaine. We are unconvinced that the district court clearly erred. *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008); *see also Cabezas-Montano*, 949 F.3d at 606-07 (upholding district court's refusal to grant a minor role reduction in case with similar facts).

## C.

Next, Arias argues his within-guidelines range sentence was substantively unreasonable because the "district court did not focus on individualized, specific facts when sentencing Mr. Arias, but instead repeatedly insisted that Mr. Arias and Mr. Presinal were 'the same.'" Aplt. Br. at 48 (citing Dist. Ct. Doc. 26 at 13-14).

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 28, 51 (2007). A

sentence is substantively unreasonable when the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted). The proper factors include the criminal history of the defendant, the seriousness of the crime, promotion of respect for the law, just punishment, adequate deterrence, and avoiding unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

The district court considered the parties' arguments and recommendations, the presentence investigation report, the Guidelines, and the 18 U.S.C. § 3553(a) factors to impose a sentence of 110 months, near the bottom of the guideline range. *See* Dist. Ct. Doc. 33. We ordinarily expect a sentence falling within the guidelines range to be reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). The record also reflects the district court's consideration of specific Section 3553(a) factors. *See* Dist. Ct. Doc. 26 (noting disparate sentencing between Arias and Presinal would give the former an unwarranted "free pass"); *id.* at 27 (noting the "very bad" severity of the crime); *id.* at 27-29 (considering effect of defendants' pending deportation on deterrence and incapacitation concerns). The court did not give weight to any improper or irrelevant factor.

Arias argues the district court did not give due weight to the fact that Presinal had a gun while he did not. But, as explained

below, the district court's effort to equalize sentences between Presinal and Arias resulted in the erroneous reduction of Presinal's sentence below the mandatory minimum. The district court did not *increase* Arias's sentence to match Presinal; it lowered Presinal's sentence to match Arias.

*D.*

The government cross-appeals Presinal's sentence, arguing the district court clearly erred when it found Presinal did not possess the gun to make Presinal eligible for safety-valve relief. When reviewing a safety-valve decision, we review the district court's factual determinations for clear error and its legal conclusions *de novo*. *United States v. Milkintas*, 470 F.3d 1339, 1343 (11th Cir. 2006). A factual finding is clearly erroneous if it leaves us "with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

A district court cannot give a sentence below a mandatory minimum unless an explicit statutory exception applies. *See United States v. Castaing-Sosa*, 430 F.3d 1358, 1360 (11th Cir. 2008) (citations omitted). Both defendants were subject to mandatory minimums here, and the only relevant statutory exception is safety-valve relief. Safety-valve relief allows a district court to give a sentence below the mandatory minimum for certain drug offenses where, among other things, the defendant did not "possess a firearm . . . in connection with the offense." 18 U.S.C. § 3553(f). "[A] defendant possesses a firearm in connection with a drug offense if the firearm is in proximity to drugs or if the firearm facilitates the

drug offense . . . by instilling confidence in others who relied on the defendant." *United States v. Carillo-Ayala*, 713 F.3d 82, 96 (11th Cir. 2013).

The facts unequivocally establish that Presinal possessed a gun. Presinal admitted to accepting the gun and keeping it in his knapsack on the boat. Both sides and the PSI report acknowledged this fact. There was no evidence that Presinal was coerced into receiving or keeping the gun beyond some conclusory assertions from Presinal's lawyers. As the district court correctly noted, Presinal could have tossed the gun off the boat after his departure. And there is no meaningful dispute that Presinal had the gun "in connection with the offense;" the Colombian cartel would not have given Presinal a gun for no reason, and the gun was in proximity to the drugs, both kept on the same small boat.

The district court acknowledged that the evidence established that Presinal possessed a firearm in connection with the offense, and only found otherwise because it believed that imposing a mandatory minimum sentence on Presinal would cause a sentencing disparity between Presinal and Arias. Because Arias did not possess the gun, he was eligible for a safety-valve sentence, and his guideline range reflected that lower sentence. When it recognized that Presinal would not be eligible for the same sentence, the district court explicitly changed its finding to reduce the perceived disparity without any other explanation.

We note that a district court has discretion to deny safety-valve relief even if a defendant is eligible, *United States v. Quirante*,

486 F.3d 1273, 1275-76 (11th Cir. 2007), but a district court has no discretion to grant it where a defendant is ineligible. Because Presinal clearly possessed the gun and the district court found otherwise merely to make him eligible for the safety valve, we are left with a "definite and firm conviction" that the district court erred in doing so. *U.S. Gypsum Co.*, 333 U.S. at 395. Thus, we vacate Presinal's sentence and remand to the district court for further proceedings consistent with Presinal's possession of the gun.

### III.

We **AFFIRM** Arias's conviction and sentence. We **AFFIRM** Presinal's conviction. We **VACATE** Presinal's sentence and **REMAND** for further proceedings consistent with this opinion.